UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

DAVONNE BECKWITH,

    PLAINTIFF,

v.

THE CITY OF SYRACUSE, ET AL.,

    DEFENDANTS.

Case No. 5:21-cv-809 (ECC/TWD)

PLAINTIFF'S TRIAL BRIEF

    Plaintiff submits that this Court's September 30, 2025 Memorandum-Decision and Order on Defendants' motion for summary judgment, *see Beckwith v. City of Syracuse*, 2025 U.S. Dist. LEXIS 192701 (N.D.N.Y. 2025) (hereinafter "*Beckwith v. City*"), resolved most, but not all, of the legal issues that had been disputed between the parties. Accordingly, Plaintiff's Trial Brief will be limited to legal issues that did not specifically arise in the context of Defendants' summary judgment motion, but may arise during trial.

## I. PLAINTIFF'S MALICIOUS PROSECUTION CLAIM IS NOT LIMITED TO THE PERJURY CHARGE

    In their motion papers, Defendants argued that they were entitled to summary judgment on Plaintiff's malicious prosecution claim with respect to the perjury charge. That motion was denied. Accordingly, a jury now will have to resolve issues of fact as to whether Defendants maliciously prosecuted Plaintiff with respect to the perjury charge.

    However, Defendants' prosecution of Plaintiff was not limited to the perjury charge. Plaintiff's Amended Complaint also alleges that Defendants falsely

charged him in Felony Complaints with, among other crimes, drug possession, *see* Dkt. No. 9 ¶ 34 (Plaintiff's Amended Complaint), that those charges were dismissed after laboratory tests performed on the alleged heroin and cocaine tested negative for any controlled substance, *id.*, and that Defendants acted with malice, *id.* ¶ 48. Defendants never moved for summary judgment on Plaintiff's malicious prosecution claim with respect to the drug charges. Accordingly, the jury in this case will be tasked with resolving issues of fact regarding whether Defendants maliciously prosecuted Plaintiff not only on the perjury charge, but also on the drug charges.[1]

Further, Plaintiff will be able to prevail on his malicious prosecution claim if the jury finds in his favor with respect to any of these charges. *See Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021) (noting that to defend against a malicious prosecution claim, "probable cause must be shown as to each crime charged

---

[1] To the extent Defendants may allege that Plaintiff's malicious prosecution claim *with respect to the drug charges* was not sufficiently raised in the pleadings, it nevertheless is clear that the issue of whether a jury could find that Defendants maliciously prosecuted Plaintiff with respect to the drug charges was squarely litigated by the parties and addressed by the Court during this litigation. *See, e.g.*, Dkt. No. 78 at 21 (Summary Judgment Decision) (discussing probable cause and ruling that "a rational jury could ... conclude that Plaintiff never possessed the bag supposedly seized during the stop."). Therefore, to the extent this Court finds that language in Plaintiff's Amended Complaint, *see* Dkt. No. 9, may not have explicitly set forth a malicious prosecution claim *with respect to the drug charges*, Plaintiff requests that the Court allow Plaintiff to amend the complaint to conform to the proof that has been adduced during this litigation. *See* Fed. R. Civ. P. 15(b); *see also, e.g.*, *Clomon v. Jackson*, 988 F.2d 1314, 1323 (2d Cir. 1993) (affirming district court's decision that, despite "the pleadings here [being] scant … the undisputed facts as presented on the summary judgment motion served as a basis to deem the complaint amended to conform with the proof..."); *Bozdogan v. 23 Ludlam Fuel, Inc.*, 2022 U.S. Dist. LEXIS 30763, at *9 (E.D.N.Y. 2022) ("Consent to try claims may be implied when an issue not raised in the pleadings is … addressed in an ongoing way by all parties prior to trial…") (quoting *Christoforou v. Cadman Plaza N., Inc.*, 2009 U.S. Dist. LEXIS 25162, at *25 (S.D.N.Y. 2009) (collecting cases)).

in the underlying criminal action…") (citations omitted); *Oehler v. Nietzel*, 2024 U.S. Dist. LEXIS 139717, at *16 (W.D.N.Y. 2024) ("In contrast to [plaintiff's] false arrest claim, 'the defendant must have possessed probable cause as to *each offense charged*' to support a malicious prosecution claim.") (emphasis in original) (citing *Costello v. Milano*, 20 F. Supp. 3d 406, 415 (S.D.N.Y. 2014), *Knox v. Khan*, 2019 U.S. Dist. LEXIS 35996, at *24 (E.D.N.Y. 2019) ("to defeat a malicious prosecution claim, defendants must have reasonable or probable cause for each offense charged") (citation omitted), *and D'Angelo v. Kirschner*, 288 F. App'x 724, 726-27 (2d Cir. 2008) (summary order) ("a finding of probable cause to arrest as to one charge does not necessarily defeat a claim of malicious prosecution as to other criminal charges that were resolved in the plaintiff's favor") (citation omitted)).

## II. Plaintiff's Denial of Fair Trial Claim Is Not Limited to the Perjury Charge

Similarly, Defendants argued in their motion papers only that they were entitled to summary judgment on Plaintiff's Denial of Right to Fair Trial/Fabrication of Evidence (hereinafter "DORFT") claim with respect to the perjury charge. That portion of their motion was also denied. Defendants did not move for summary judgment on Plaintiff's DORFT claim with respect to the drug charges. Thus, the jury will be tasked with resolving issues of fact regarding Plaintiff's DORFT claim not only with respect to the perjury charge, but also with respect to the drug charges.

Further, if Plaintiff establishes all of the elements of his DORFT claim, the jury will be entitled to find in favor of Plaintiff on that claim even if they find that there was probable cause to charge Plaintiff with all of those crimes. *See Kee*, 12 F.4th at 169 (probable cause is not a defense to a denial of fair trial claim).

### III. EVIDENTIARY ISSUES

The evidentiary issues that Plaintiff expects to arise at trial are addressed in Plaintiff's Motion in Limine.

Dated: New York, New York
January 23, 2026

s/ Edward Sivin
Edward Sivin
Bar Roll No. 514765
Sivin, Miller & Roche LLP
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
E-mail: esivin@sivinandmiller.com
