UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVONNE BECKWITH, | |
| PLAINTIFF, | Case No. 5:21-cv-809 (ECC/TWD) |
| v. | |
| THE CITY OF SYRACUSE, ET AL., | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| DEFENDANTS. | |

Plaintiff submits that this Court's September 30, 2025 Memorandum-Decision and Order on Defendants' motion for summary judgment, *see Beckwith v. City of Syracuse*, 2025 U.S. Dist. LEXIS 192701 (N.D.N.Y. 2025) (hereinafter "*Beckwith v. City*"), sets forth many of the elements of the substantive law applicable to Plaintiff's claims. Plaintiff therefore requests that the Court provide the following instructions to the jury, which Plaintiff maintains are consistent with the September 30, 2025 Memorandum-Decision and Order and other applicable case law. Plaintiff further requests that the Court provide certain instructions, set forth in the latter portion of this proposal and in Plaintiff's motion in limine, specific to various evidentiary issues that may arise in this case.

## LIABILITY

### PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983

Plaintiff claims a right to recover under Section 1983 of Title 42 of the United States Code, which provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...

For purposes of these instructions, I will refer to this statute as "Section 1983."

Section 1983 does not create any substantive rights in and of itself; rather, it serves as a means by which individuals can seek redress in a court for alleged violations of their substantive rights under, among other things, the United States Constitution.

Section 1983 provides that a person may seek relief in this court, including in the nature of monetary damages, against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his Section 1983 claim against a particular defendant, the burden is on Plaintiff, Davone Beckwith, to establish by a preponderance of the evidence each of the following elements:

1. That the actions of the Defendants were undertaken under color of state law;

2. That the Defendants performed acts which operated to deprive Plaintiff of a federal constitutional right, as defined and explained in these instructions; and

3. That the acts or omissions of the Defendants were a proximate cause of an injury sustained by Plaintiff.

I will explain each of these elements to you.

### *FIRST ELEMENT OF 1983 CLAIM*

A defendant acts under color of state law when he exercises the authority of the state. An official who uses state authority, even an official who violates state law and abuses state authority, is acting under color of state law. On the other hand, an official who does not use state authority and acts for purely private purposes, does not act under color of state law.

Here, there is no dispute that Defendants, as officials employed by the Syracuse Police Department, were acting under color of state law, so Plaintiff has established the first element of his § 1983 claims.

### *SECOND ELEMENT OF 1983 CLAIM*

The second element of a § 1983 claim requires that Plaintiff prove that Defendants deprived him of a federal right. Plaintiff claims that he was deprived of his right not to be maliciously prosecuted, and his right to a fair trial. These rights are protected under the U.S. Constitution, and under New York State law. I will now address each of the two claims separately:

## MALICIOUS PROSECUTION

Plaintiff seeks damages for malicious prosecution, both under New York State law and under 42 U.S.C. § 1983, as a result of being prosecuted for multiple crimes, including possession of heroin, possession of cocaine, and perjury.

"To establish a malicious prosecution claim under § 1983 and New York law, a plaintiff must allege (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. A § 1983 malicious prosecution claim requires a plaintiff to also demonstrate a sufficient post-arraignment liberty restraint."[1] I will address each of these elements separately.

With respect to the *first element* of a malicious prosecution claim—initiation of prosecution—it is undisputed that Officer Breen initiated prosecutions of Plaintiff on charges of possession of heroin and possession of cocaine when he signed Criminal Court Complaints charging Plaintiff with those two crimes.[2] "But [that is] not the only way[] in which an officer can be found to have initiated a prosecution. 'Persons who conspire … to manufacture evidence that is likely to

---

[1] *Beckwith v. City*, 2025 U.S. Dist. LEXIS 192701, at *24 (internal quotation marks and citations omitted).

[2] *See Greene v. Bryan*, 15-CV-249 (ARR) (RER), 2018 U.S. Dist. LEXIS 122725, at *41 (E.D.N.Y. 2018) ("A law enforcement officer's signing of a criminal court complaint is sufficient for the jury to find that the officer initiated a prosecution for purposes of a malicious prosecution claim. *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) ('Under New York law, police officers can "initiate" prosecution by filing charges or other accusatory instruments.'); *Bonds v. City of New York*, 12-CV-1772, 2014 U.S. Dist. LEXIS 74185, 2014 WL 2440542, at *6 (E.D.N.Y. May 30, 2014) (same); *Sankar v. City of New York*, 867 F. Supp. 2d 297, 311 (E.D.N.Y. 2012) (same).").

influence the prosecutor's decision to commence proceedings and the jury's verdict,' for instance, [may be] jointly liable for malicious prosecution even if they were not the ones who officially began the prosecution.'"[3] "[E]ven where 'charges [a]re added by' a prosecutor, and not 'directly filed' by a police officer, 'a jury c[an] find that' police officers 'played a role in initiating the prosecution [if they] prepar[ed] fabricated evidence and forward[ed] it to prosecutors.'"[4] So, "[w]here a party is responsible for providing false information or manufactured evidence that influences a decision whether to prosecute, [they] may be held liable for malicious prosecution." And where police officers "misle[a]d [a] prosecutor by providing false statements regarding [a] plaintiff's conduct … they c[an] be liable for malicious prosecution."[5].

Here, Plaintiff claims that Officer Breen and Detective Irvine provided false information and fabricated evidence and forwarded it to the prosecutors. If you find that Office Breen or Detective Irvine provided false information or fabricated evidence and forwarded it to prosecutors, "[t]his is sufficient for the initiation element."[6]

With respect to the **second element** of malicious prosecution—favorable termination—"for § 1983 malicious prosecution claims, a plaintiff need only show

---

[3] *Williams v. City of New York*, 16-cv-4615 (ENV) (VMS), 2021 U.S. Dist. LEXIS 177966, at *14 (E.D.N.Y. 2021) (citing *Mejia v. City of New York*, 119 F. Supp. 2d 232, 272 (E.D.N.Y. 2000)).

[4] *Beckwith v. City*, 2025 U.S. Dist. LEXIS 192701, at *26 (internal quotation marks and citations omitted).

[5] *Id.* (citations omitted).

[6] *Id.*, at *25-26 (citation omitted).

that the criminal prosecution ended without a conviction. For malicious prosecution claims under New York law, any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused."[7]. Here, the charges of heroin and cocaine possession were dismissed after laboratory results revealed that the substances allegedly recovered from plaintiff by defendants were, in fact, not controlled substances. I therefore instruct you that Plaintiff has demonstrated the favorable termination element of his claims for malicious prosecution with respect to the drug charges. Also, while Plaintiff initially was convicted of the perjury charge, that conviction was reversed on appeal on the ground that the State did not prove beyond a reasonable doubt that any of Plaintiff's testimony to the Grand Jury was actually false. I therefore instruct you that Plaintiff has also demonstrated the favorable termination element of his claim for malicious prosecution with respect to the perjury charge.[8]

With respect to the ***third element*** of malicious prosecution—the absence of probable cause for the criminal proceeding—Plaintiff is required to demonstrate that there was a lack of probable cause to prosecute him for any of the offenses with which he was charged.[9] Therefore, if you find that there was a lack of probable

---

[7] *Id.*, at *26-27 (internal quotation marks and citations omitted).

[8] *See id.*, at *28. In this portion of *Beckwith v. City*, this Court found that Defendants' argument to the contrary "fails."

[9] *Id.*; *see Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021) (noting that to defend against a malicious prosecution claim, "probable cause must be shown as to each crime

6

cause to prosecute Plaintiff for any of the charges against plaintiff—possession of heroin, possession of cocaine, or perjury—then you will find that Plaintiff has satisfied this element of his claim for malicious prosecution with respect to that particular charge or those particular charges.

Whether Defendants had probable cause to believe that plaintiff was guilty of a crime depends upon whether a reasonably prudent person would have believed that Plaintiff was guilty of the crime charged on the basis of the facts known to Defendants at the time the prosecution was initiated or what they reasonably believed to be true. That Defendants may personally have believed that Plaintiff was guilty is not enough if a reasonably prudent person would not have believed that to be the case. On the other hand, the fact that all charges against Plaintiff ultimately were dismissed does not necessarily establish that Defendants lacked probable cause at the time the prosecution was initiated. The question on the issue of probable cause is not whether Plaintiff was in fact guilty or innocent, or whether defendants were in fact mistaken or correct, but rather whether, on the facts known to or reasonably believed by Defendants, a reasonably prudent person would have believed plaintiff was guilty.

---

charged in the underlying criminal action…") (citations omitted); *Oehler v. Nietzel*, 2024 U.S. Dist. LEXIS 139717, at \*16 (W.D.N.Y. 2024) ("In contrast to [plaintiff's] false arrest claim, 'the defendant must have possessed probable cause as to *each offense charged*' to support a malicious prosecution claim.") (emphasis in original) (citing *Costello v. Milano*, 20 F. Supp. 3d 406, 415 (S.D.N.Y. 2014), *Knox v. Khan*, 2019 U.S. Dist. LEXIS 35996, at \*24 (E.D.N.Y. 2019) ("to defeat a malicious prosecution claim, defendants must have reasonable or probable cause for each offense charged") (citation omitted), *and D'Angelo v. Kirschner*, 288 F. App'x 724, 726-27 (2d Cir. 2008) (summary order) ("a finding of probable cause to arrest as to one charge does not necessarily defeat a claim of malicious prosecution as to other criminal charges that were resolved in the plaintiff's favor") (citation omitted)).

With respect to the ***fourth element*** of malicious prosecution—malice—a prosecution is initiated maliciously if it is brought for a purpose other than bringing an offender to justice, or it is brought out of personal ill will, and it may be initiated maliciously if it is brought in reckless disregard of the rights of the person accused. If you find that Defendants did not have probable cause to prosecute Plaintiff for any one of the crimes with which he was charged, you may, although you are not required to, infer from that fact alone that Defendants acted maliciously.[10] If you find that Defendants did not act maliciously, you will find for Defendants on Plaintiff's malicious prosecution claim, even if you find that Plaintiff established all of the other elements of that claim.

### DENIAL OF RIGHT TO FAIR TRIAL/FABRICATION OF EVIDENCE

Plaintiff also seeks damages under 42 U.S.C. § 1983 for denial of his right to a fair trial, also known as a fabrication of evidence claim.[11] Specifically, Plaintiff alleges that Defendants provided false information and fabricated evidence that contributed to the criminal charges brought against him and resulted in his being prosecuted and imprisoned. "In a § 1983 suit alleging the denial of a right to fair trial because of fabricated evidence, a plaintiff must show that an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a

---

[10] *See Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996) (noting that in a malicious prosecution claim, "[m]alice may be inferred from the lack of probable cause") (citations omitted).

[11] *See Aguirre v. City of New York*, 2017 U.S. Dist. LEXIS 155422, at *28 n.12 (E.D.N.Y. 2017) (noting that the terms "fair trial claim" and "fabrication of evidence claim" are used interchangeably).

deprivation of life, liberty, or property as a result."[12]

Here, I instruct you as a matter of law that Plaintiff has already established four out of the five elements of his fair trial claim. Specifically, Plaintiff has established that Officer Breen and Detective Irvine were investigating officials,[13] that they forwarded information about Plaintiff to prosecutors, that this information was likely to influence a jury's verdict, and that Plaintiff suffered a deprivation of liberty as a result of that information. However, the parties disagree as to whether the information Defendants forwarded to prosecutors was fabricated. If you find that Officer Breen or Officer Irvine fabricated information or evidence that they forwarded to prosecutors, then you will find in favor of Plaintiff on his evidence fabrication claim. If you find that Breen or Irvine did not fabricate information or evidence that they forwarded to prosecutors, then you will find in favor of Defendants on Plaintiff's evidence fabrication claim. As with the malicious prosecution claim, you may find in favor of Plaintiff on his evidence fabrication claim if you conclude that either Defendant fabricated information or evidence in connection with any one of the criminal charges brought against Plaintiff.

Finally, if Plaintiff proves all of the elements of his denial of fair

---

[12] *Beckwith v. City*, 2025 U.S. Dist. LEXIS 407646, at *18 (internal quotation marks and citation omitted).

[13] In *Beckwith v. City*, this Court noted that the Second Circuit does not actually require that the defendant be an "investigating officer" to be held liable under a fair trial claim; it requires only that the official fabricated evidence that was forwarded to prosecutors. *Id*., at *21. Therefore, Plaintiff proposes that the Court instruct the jury either that Plaintiff has satisfied the "investigating official" element of his fair trial claim, or that the Court omit altogether any reference to that element of Plaintiff's DORFT claim and instruct the jury that they need decide only whether Defendants fabricated information and/or evidence that they forwarded to prosecutors.

9

trial/fabrication of evidence claim, you must find in favor of Plaintiff on that claim even if you find that there was probable cause to prosecute plaintiff.[14]

### *THIRD ELEMENT OF 1983 CLAIM*

The third element that Plaintiff must prove to establish his claims under Section 1983 is that Defendants' conduct caused Plaintiff's injury and damages. Under Section 1983, defendants are responsible for the natural consequences of their actions. An act causes an injury if it was a substantial factor in bringing about that injury—that is, if it had such an effect in producing the injury or damage that reasonable people would regard it as a cause of the injury. There may be more than one cause of an injury, but to be a substantial factor in causing an injury, it cannot be slight or trivial. You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it if you find that there are other substantial causes. You must decide whether the injury or damage suffered by plaintiff, which include Plaintiff being prosecuted and/or imprisoned, was a reasonably foreseeable consequence of Defendants' conduct.

---

[14] *See Kee v. City of New York*, 12 F.4th 150, 169 (2d Cir. 2021) (probable cause is not a defense to a denial of fair trial claim).

## DAMAGES

### COMPENSATORY DAMAGES
### PAIN AND SUFFERING AND LOSS OF ENJOYMENT OF LIFE

If you find that Defendants are liable on any of Plaintiff's claims, Plaintiff is entitled to recover a sum of money which will justly and fairly compensate him for any injury and conscious pain and suffering to date caused by defendants. In determining the amount, if any, to be awarded for pain and suffering, you may take into consideration the effect that Plaintiff's injuries have had on his ability to enjoy life. Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life. If you find that Plaintiff, as a result of Defendants' actions, suffered some loss of the ability to enjoy life, you may take that loss into consideration in determining the amount to be awarded to Plaintiff for pain and suffering to date. Plaintiff also is entitled to recover damages for any embarrassment, humiliation, and loss of liberty resulting from Defendants' wrongful conduct.

### PUNITIVE DAMAGES

If you award compensatory damages to Plaintiff in connection with his Section 1983 claim, the law permits you , but does not require you, to award a sum of money in punitive damages. Such damages are awarded in the discretion of you, the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others similarly situatedfrom committing similar acts in the future.

11

You may award Plaintiff punitive damages if you find that the acts or omissions of the defendant under consideration were done maliciously, wantonly, or oppressively, in violation of Plaintiff's constitutional rights. An act is done maliciously if it is prompted by ill will or spite towards the injured person. An act is wanton if done in reckless or callous disregard of, or indifference to, the rights of the injured person. An act is done oppressively if done in a manner which injures, damages or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, disability or misfortune of another person. In order to justify an award of punitive damages, Plaintiff has the burden of proving by a preponderance of the evidence that the defendant under consideration acted maliciously, wantonly, or oppressively with regard to plaintiff's rights.

## EVIDENTIARY INSTRUCTIONS

### CREDIBILITY OF POLICE OFFICERS

Plaintiff requests that the Court charge the jury that, "under our law, [police officers] are not entitled to any more believability or credibility, or any less believability or credibility than any other individual witness," and "the testimony of police officers should be given no greater weight than any other witness."[15]

---

[15] *McKinnon v. Conway*, No. 9:06-cv-00717-JKS, 2008 U.S. Dist. LEXIS 35857, at *15, 18 (N.D.N.Y. 2008); *see also People v. McCain*, 177 A.D.2d 513, 514, 576 N.Y.S.2d 146, 147 (2d Dep't 1991) (reversing conviction where trial court denied defendant his right to a fair trial by failing to instruct the jury that "in evaluating the credibility of the police officers who testified at trial, the testimony of these officers is to be accorded no greater weight than that of any other witness").

Dated: New York, New York
      January 23, 2026

<u>s/ Edward Sivin</u>
Edward Sivin
Bar Roll No. 514765
Sivin, Miller & Roche LLP
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
E-mail: esivin@sivinandmiller.com