# Exhibit "D"



## Case Summary Form
## Case Number: 17-034

**Complainant:** ▮▮▮▮▮▮▮▮▮▮▮▮                **Officer(s):** Jacob Breen & Ahmad Mims

**Date, location & time of incident:** March 26, 2016 @ 5:30 in 500 Block of Kirkpatrick

**Type of allegation:** Demeanor, False arrest, Improper Search/Seizure, Racial Bias/Profiling

**Policy or law potentially violated by the officer:** Click here to enter text.

**Brief synopsis:** Mr. ▮▮▮▮▮▮ was driving his sister's car down Kirkpatrick Street and the Officers pulled him over and pulled him out of the car. During the search of the vehicle ammunition was found in the trunk that did not belong to Mr. ▮▮▮▮▮▮ On May 23, 2016 Mr. ▮▮▮▮▮▮ was picked up by the FBI and spent a little over 10 months in jail before a trial resulting in a not guilty verdict. Mr. ▮▮▮▮▮▮ states the Officers lied on the stand, no dash cameras or body cameras. Mr. ▮▮▮▮▮▮ states that Officer Mims told him "he hates when black man thinks they have their license they can't be pulled out the car, he was going to pull 10 more black, white, or Spanish people out there car with their license."

Mr. ▮▮▮▮▮▮ stated that he told the Officers they could search the car and found the ammunition in the trunk but he never told the Officers that the ammunition was his and he did not know they were in the trunk. Mr. ▮▮▮▮▮▮ confirmed he was told that by Officer Mims. Mr. ▮▮▮▮▮▮ reiterates having spent 10 months in jail for the charges to be dropped. Officer Breen searched his person on the side of the road three times and on the third time he unbuttoned his belt when inside is thermal underwear and felt his genital area. Mr. ▮▮▮▮▮▮ does not know if he had gloves on or not.

**Conflicting statements?:** Click here to enter text.

**Corroborating evidence & implications:** Click here to enter text.

**Physical injuries or property damage:** N/A

**Administrator's Recommendation:** Administrator finds sufficient evidence to recommend this case for a hearing and therefore recommends the case for a hearing. The administrator is currently waiting for the OOPS report.



## CITIZEN REVIEW BOARD

### STEPHANIE A. MINER, MAYOR

December 19, 2017

Frank L. Fowler, Chief of Police
Police Department
Public Safety Building
511 South State Street
Syracuse, NY  13202

In the matter of ▇▇▇▇▇▇▇ vs. Officer Jacob Breen and Ahmad Mims
CRB Case #17-034
**Allegations of Misconduct: Improper Search, Improper Physical Contact During a Search, Improper Stop**

Dear Chief Fowler:

In accordance with our authorizing local law, a Citizen Review Board panel held a hearing on December 18, 2017 to review the above-captioned matter. After careful review of the testimony and facts submitted, the CRB panel delivered the following findings and recommendations in regards to the allegations against Officer Jacob Breen and Ahmad Mims:

**CRB Findings:**
- Improper Search: **Unsubstantiated against Officer** ▇▇▇▇▇▇ **and** ▇▇▇▇▇▇
- Inappropriate Physical Contact During a Search: **Sustained against Officer Jacob Breen**
- Improper Stop: **Sustained against Officer Jacob Breen and Ahmad Mims**

**CRB Disciplinary Recommendations:**
- Improper Physical Contact During a Search: **Termination Officer Jacob Breen**
- Improper Stop: **Retraining on cultural bias/cultural sensitivity covered in Volume 1, Article 4 Section 18.12 in its entirety for Officer Jacob Breen and Ahmad Mims**

The CRB has received numerous complaints related to Officer Jacob Breen's physical search techniques. The hearing panel believes that his continued employment as a Syracuse Police Officer is detrimental to the community and the Syracuse Police Department with his inability to adhere to the procedure outlined in Volume 1, Article 3, Section 9.17.

Local law 1 of 2012 requires that within thirty (30) days of the receipt of a recommendation from a CRB hearing panel, you must advise the CRB in writing as to what type of actions or sanctions were imposed, and the reasons if none were imposed.

Frank L. Fowler, Chief of Police
December 19, 2017
Page 2

**The CRB requests that you provide a considered response that addresses the CRB's specific findings and recommendations. The completed OPS report is already required to be provided to the CRB within 30 days of OPS' receipt of a complaint; thus, provision of the completed OPS report is not sufficient to satisfy this legal requirement.**

Please feel free to contact me if you have any questions or would like to further discuss the CRB panel's findings and recommendations.

Sincerely,

Ranette L. Releford
Administrator



## CITIZEN REVIEW BOARD

### STEPHANIE A. MINER, MAYOR

December 19, 2017

Officer Jacob Breen
Police Department
Public Safety Building
511 South State Street
Syracuse, NY  13202

In the matter of ▮▮▮▮▮ vs. Officers Jacob Breen and Ahmad Mims
CRB Case #17-034
Allegations of Misconduct:  Improper Search, Improper Physical Contact During a Search, Improper Stop

Dear Officer Breen:

In accordance with our authorizing local law, a Citizen Review Board panel held a hearing on December 18, 2017 to review the above-captioned matter.  After careful review of the testimony and facts submitted, the CRB panel delivered the following findings and recommendations in regards to the allegations against you:

**CRB Findings:**
- Improper Search:  **Unsubstantiated against Officer** ▮▮▮ **and** ▮▮▮
- Inappropriate Physical Contact During a Search:  **Sustained against Officer Jacob Breen**
- Improper Stop:  **Sustained against Officer Jacob Breen and Ahmad Mims**

**CRB Disciplinary Recommendations:**
- Improper Physical Contact During a Search:  **Termination Officer Jacob Breen**
- Improper Stop:  **Retraining on cultural bias/cultural sensitivity covered in Volume 1, Article 4 Section 18.12 in its entirety for Officer Jacob Breen and Ahmad Mims**

The CRB has received numerous complaints related to Officer Jacob Breen's physical search techniques.  The hearing panel believes that his continued employment as a Syracuse Police Officer is detrimental to the community and the Syracuse Police Department with his inability to adhere to the procedure outlined in Volume 1, Article 3, Section 9.17.

Please feel free to contact me if you have any questions or would like to discuss the CRB panel's findings and recommendations.

Sincerely,

*Ranette L. Releford*
Ranette L. Releford
Administrator

Re: ███████████ - Lt. David Brown                                              Page 1 of 2

Re: ████████████████████

## Jacob Breen

Tue 5/9/2017 7:56 PM

To: Lt. David Brown ████████████████

Lt. Brown,
Ofc Mims and I seized the ammunition from his trunk and the case was ultimately forwarded to the ATF and USAO Robert Lavigne. He did win the trial, but needless to say, Ofc Mims and I did not perjure ourselves.
He found someone from Madison County who went to trial and said the ammo was his and that he had left it in ████'s trunk (nevermind that this person did not own a 32 caliber handgun and would otherwise have no use for the ammo), therefore was acquitted.
His defense team did not fight the consent search during the trial and in fact swung the fact that he consented as part of their defense (ie ████ had no knowledge of the ammo so why wouldn't he consent). His vehicle was also searched due to the odor of marihuana as well, but we were not permitted to talk about that in trial due to a suppression hearing ruling (we did not charge him with UPM and bringing marihuana would be viewed as unduly prejudicial against the defendant because of said fact). ████ did make several statements that the ammo was his. We did not arrest ████ we merely seized the ammo due to his criminal history, gang affiliation, and the fact that he was on pre trial release for a recent shooting, and then forwarded the case to Cptn Trudell.
Respectfully Submitted"
P.O. Jacob Breen #0012
CRT

---

**From:** Lt. David Brown
**Sent:** Tuesday, May 9, 2017 10:31 AM
**To:** Jacob Breen; Ahmad Mims
**Subject:** ████████████

Gentlemen,

   We got several complaints from ████████████████ regarding previous arrests he is trying to sue over. One of them is yours under DR# 16-215801 in which you recovered a box of ammunition from the trunk of his vehicle. Since he had a prior felony conviction, he states he was arrested by the FBI and incarcerated for ten months awaiting trial. He claims he was acquitted at trial and claims you perjured yourselves by testifying he admitted owning the ammunition that was recovered when he had never said that. He claims he never gave permission to search in the first place and was properly licensed at the time.
   Do you recall the case and who handled the prosecution?

---

https://sypdmail.syracusepolice.org/owa/                                      5/10/2017

**Lt. David Brown**
Syracuse Police Department
Office of Professional Standards
511 S. State St.
Syracuse, NY 13202

███████